IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| COLONEL (RET.) CLIFFORD ACREE, et al., Plaintiffs, | ) | |
| v. | ) | **No. 1:06-cv-00798-NBF** **Judge Nancy B. Firestone** |
| THE UNITED STATES, Defendant. | ) | |

**MOTION FOR STAY OF PROCEEDINGS**

Plaintiffs Clifford Acree, et al., by and through their counsel, and pursuant to RCFC 7(b), move this Honorable Court to stay their action filed on November 28, 2006.

Plaintiffs respectfully request a stay of proceedings until the United States District Court for the District of Columbia Circuit rules on their currently pending motion for relief under Federal Rule of Civil Procedure 60(b)(6), filed on June 3, 2005, and the resolution of any subsequent proceedings arising from that motion in Acree v. Republic of Iraq, Civil Action No. 02-632 (RWR).

This Court has jurisdiction in this action brought against Defendant as an action for money damages to recover just compensation for the taking of certain property rights of Plaintiffs. Specifically, this Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) and the Fifth Amendment of the United States Constitution. In addition, Plaintiffs' motion for relief under Fed. R. Civ. P. 60(b)(6) in Acree v. Republic of Iraq, Civil Action No. 02-632 (RWR), serves as no impediment to this suit inasmuch as that case seeks damages *only* against the Republic of Iraq, Saddam Hussein, and the Iraqi Intelligence Service (the "underlying Iraqi Defendants"), and not the United States. Further, a

pending motion under Rule 60(b)(6) "does not affect the finality of a judgment or suspend its operation." Fed. R. Civ. P. 60(b).

The interests of justice and judicial efficiency are best served by staying this action. Several factors support this conclusion. First, Plaintiffs, American Prisoners of War ("POWs") tortured by Iraq during the 1991 Gulf War and certain of their close family members, would prefer to maintain a judgment against the underlying Iraqi defendants – their torturers and the ones who should be held accountable – or to negotiate an appropriate resolution of their claims against Iraq (either directly with Iraq or as assisted by the United States), rather than to hold the United States accountable for the taking of Plaintiffs' judgment and all judicially-cognizable claims against the underlying Iraqi defendants. Plaintiffs' efforts to hold Iraq accountable for its torture of American POWs during the 1991 Gulf War represent an historic effort by Plaintiffs to add serious deterrence against the torture of POWs, and holding Iraq accountable remains Plaintiffs' objective and preference as the explicit deterrence goal of 28 U.S.C. § 1605(a)(7) is best effectuated when the torturers are held accountable. A stay of proceedings until the District Court resolves Plaintiffs' 60(b)(6) motion will provide additional opportunity to continue to pursue these preferred outcomes.

Second, the Acree case has a lengthy history (detailed in Plaintiffs' Complaint) with which the District Court – and specifically Judge Roberts – is familiar. The case was first filed in his court in April 4, 2002. Following two offers of arbitration to Iraq and service of process on the underlying Iraqi Defendants by the State Department, Plaintiffs submitted their evidence on March 31, 2003, proving torture by the underlying Iraqi Defendants. On July 7, 2003, the court entered judgment in favor of Plaintiffs.

Thereafter, Plaintiffs won a temporary restraining order against the United States' depletion of Iraqi frozen assets beyond Plaintiffs' compensatory damages. The United States then moved to intervene and vacate Plaintiffs' judgment. On August 6, 2003, the District Court denied the government's motion.

At the same time, Plaintiffs' brought an action against Secretary of the Treasury Snow, relating to satisfying their judgment against frozen Iraqi assets. That action was decided in the government's favor at the district court in August 2003, and affirmed on appeal to the D.C. Circuit in October 2003.

The United States appealed the August 6, 2003 decision denying its motion to intervene post-judgment and to vacate Plaintiffs' judgment. The D.C. Circuit heard oral argument on April 4, 2004. Following oral argument, in June 2004, the Court of Appeals vacated Plaintiffs' judgment. The D.C. Circuit thereafter denied Plaintiffs' motion for reconsideration en banc in August 2004.

Plaintiffs then filed a petition for a writ of certiorari with the Supreme Court in December 2004. Plaintiffs were supported by amici, including The Washington Legal Foundation, which filed a brief on behalf of a bipartisan group of 20 Members of Congress, and the Center for Terrorism Law which was joined on its brief by the National League of POW/MIA Families, the National Commander & National Adjutant of American Ex-Prisoners of War, and a distinguished group of American national security experts. In addition, the Center for Justice & Accountability filed a brief on behalf of 21 International Law scholars, emphasizing the universal condemnation of torture and the availability under U.S. law of a right to bring torture claims against the perpetrators. Following the amici filings and extensions granted to the United States to respond, the Supreme Court denied certiorari on April 25, 2005.

Plaintiffs thereafter filed their motion for relief under Fed. R. Civ. P. 60(b)(6) in the District Court on June 3, 2005. The United States responded as Intervenor on August 5, 2005. Plaintiffs duly replied on August 12, 2005, and the motion has been before the District Court since. Given this history, judicial economy is served by staying this action and first permitting the District Court to resolve the 60(b)(6) motion, and by allowing any subsequent proceedings to be resolved.

Nonetheless, at this time, because the United States has taken Plaintiffs' private property for the public purpose of aiding the reconstruction of Iraq, has not paid Plaintiffs just compensation, and has engaged in a relentless series of actions over the last three-plus years to nullify Plaintiffs' claims against Iraq and shield that country from liability for torturing these POWs, Plaintiffs are compelled to file this action and lodge their takings claim with this Court.

This Court has granted stays in cases in which it has jurisdiction and where granting the stay during the pendency of another, potentially dispositive action, would serve the interests of justice and judicial efficiency. See Fadem v. United States, 13 Cl. Ct. 328, 332-34 (1987); Armstrong v. United States, 4 Cl. Ct. 269, 271 (1984); Arizona Helicopters, Inc. v. United States, 4 Cl. Ct. 662, 665-66 (1984). Plaintiffs submit that for the reasons above set out, the interests of justice and judicial efficiency would best be served by the granting of Plaintiffs' motion for a stay of proceedings at this time. If resolution of Plaintiffs' pending motion at the District Court, and any final action on proceedings or related appeals arising from that proceeding, continue for a period which is beyond the reasonable time contemplated in this motion, then Plaintiffs will move this Honorable Court to take up this action.

Finally, Plaintiffs are aware of this Court's procedures for Alternative Dispute Resolution ("ADR") and hereby provide notice of their willingness to pursue ADR in this matter (which has

been assigned to Judge Bruggink for ADR coordination by Notice of this Court filed Nov. 28, 2006) during the pendency of their outstanding District Court motion. Plaintiffs remain deeply concerned that Defendant has to date been unwilling to engage in resolving this matter despite contrary indications stated to the Senate by Attorney General Gonzales at his confirmation hearing, despite entreaties by numerous Members of the House and Senate, and despite unanimous passage of legislative provisions in the Senate supporting the POWs. ADR might serve to open communication for the purpose of honorably resolving this matter and holding Iraq accountable for its brutal torture of these brave Americans who have given so much for their Nation and been met with aggressive efforts to extinguish their claims in response.

Respectfully submitted this 5th day of December, 2006.

Stephen A. Fennell
*Attorney of Record*
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. N.W.
Washington, D.C. 20036
(202) 429-8082
(202) 429-3902 (fax)
sfennell@steptoe.com

John Norton Moore
307 Yoakum Parkway
Suite 3-1618
Alexandria, VA 22304
(703) 751-7798
(434) 977-2749 (fax)
jmooreesq@aol.com

*Counsel for Plaintiffs*