**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| COLONEL (RET.) CLIFFORD ACREE, et al., Plaintiffs, | ) | |
| v. | ) | **No. 06-798C** **Judge Nancy B. Firestone** |
| THE UNITED STATES, Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's Order of January 14, 2008, staying this action until July 14, 2008, and ordering the parties to submit a joint status report by that date, the parties respectfully submit the following Joint Status Report.

**Status of the District Court Actions**

Initially, Plaintiffs requested a stay of proceedings in this case until the United States District Court for the District of Columbia rules on their currently pending motion for relief under Fed. R. Civ. P. 60(b)(6), filed on June 3, 2005, and the resolution of any subsequent proceedings arising from that motion in Acree v. Republic of Iraq, Civil Action No. 02-632 (RWR) ("Acree I"). In addition, Plaintiffs sought a stay in light of their action Acree v. Republic of Iraq, Civil Action No. 06-723 (RWR) ("Acree II"), filed in the District Court on April 21, 2006. Both matters are pending before Judge Roberts.

The District Court has not yet ruled on Plaintiffs' 60(b)(6) motion in Acree I.

Counsel for the Republic of Iraq ("Iraq") noticed an appearance on February 28, 2007 in Acree II, and noticed an appearance in Acree I on May 29, 2007. On May 18, 2007, pursuant to Judge Roberts' Minute Order, counsel for Iraq and for Plaintiffs conferred and filed a "Joint

Status Report of the Parties" in Acree II for the purpose of establishing a motions schedule. Therein, Iraq stated: (1) its intent to move, pursuant to Fed. R. Civ. P. 55(c), to set aside the entry of default filed in that case, and (2) its position that Acree II should be stayed until such time as Plaintiffs' Rule 60(b)(6) motion is decided and finally resolved by any appeal. Plaintiffs in the same joint report to the District Court stated their opposition to setting aside the default, and to the Court granting leave for Iraq to move to stay the Acree II proceedings. Plaintiffs, however, have agreed to a proposed briefing schedule for these motions, as necessary.[1] The District Court has not yet taken any action on the "Joint Status Report of the Parties" and proposed schedule.

**Status of Congressional Actions and Related Matters**

On December 14, 2007, following prior House passage, the Senate approved the National Defense Authorization Act for Fiscal Year 2008 (H.R. 1585) ("Defense Authorization Act" or "original Act"). The Defense Authorization Act contained a provision that would have amended the original Section 1605 of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 et seq., under which Acree I was originally filed on April 4, 2002. Plaintiffs believed, based on the language of the new provision, that Section 1083 applied to provide relief in certain actions, including Acree I and Acree II.

The original Act was transmitted to the President on December 19, 2007, who had until December 31, 2007 to act on the bill. On December 28, 2007, President Bush vetoed the bill. http://www.whitehouse.gov/news/releases/2007/12/20071228-5.html. The President's

---

[1] Plaintiffs also stated their position that Iraq is not entitled to appear in Acree I, given that the Government of Iraq failed to appear in Acree I and a default judgment was entered against the Iraqi Defendants (the Republic of Iraq, the Iraqi Intelligence Service, and Saddam Hussein) on July 7, 2003, following a determination by the Court that the claimants had established their claims and right to relief by evidence satisfactory to the Court.

"Memorandum of Disapproval" stated, "[i]n addition to withholding my signature and thereby invoking my constitutional power to 'pocket veto' bills during an adjournment of the Congress, I am also sending H.R. 1585 to the Clerk of the House of Representatives, along with this memorandum setting forth my objections, to avoid unnecessary litigation about the non-enactment of the bill that results from my withholding approval and to leave no doubt that the bill is being vetoed."

Following the President's veto, on January 16, 2008, the House passed H.R. 4986 (Pub. L. No. 110-181, 122 Stat. 338 (2008)) (the "revised Act"), a revised version of the original Act. The revised Act retained the earlier version of Section 1083 in its entirety and added two provisions as follows: (1) the President was given the authority to waive, with respect to only those plaintiffs suing Iraq, the rights conferred in Section 1083; and (2) a Sense of Congress that the President should work with Iraq to ensure compensation for any meritorious claims based on terrorist acts committed by the Saddam Hussein regime against United States nationals whose claims cannot be addressed in courts in the United States due to the exercise of the waiver authority. Pub. L. No. 110-181, 122 Stat. 338 § 1083(d)(4) (2008).

The revised Act was signed by the President on January 28, 2008, and on that same day the President issued his statement of waiver.

On February 4, 2008, the United States Court of Appeals for the District of Columbia Circuit ordered the parties in the consolidated appeals of Simon v. Republic of Iraq (No. 06-7175) and Seyam v. Republic of Iraq (No. 06-7178) -- two cases against Iraq concerning similar facts and law to the Acree cases -- to brief the issue of the "effect upon the case, if any, of the new Act and of the President's waiver. In particular, the parties should address whether pending cases filed under former § 1605(a)(7) may proceed on the basis of that provision." Order of Feb.

4, 2008. On June 24, 2008, the Court of Appeals rendered its decision, which stated: "Section 1083(d) of the NDAA granted the President the authority to waive § 1083 with respect to Iraq, which he promptly did. . . . [W]e conclude the plaintiffs may maintain these suits pursuant to § 1605(a)(7), and their cases are timely and justiciable." Simon v. Republic of Iraq, 2008 U.S. App. LEXIS 13273, at *1 (D.C. Cir. 2008). Acree I and Acree II, like Simon and Seyam, were cases pending under Section 1605(a)(7) when the revised Act went into effect.

In addition, since the last status report, the Department of Justice organized two meetings with Government officials and claimant representatives (including Acree representatives) to gather information on the claims and cases. The meetings did not result in a resolution of the claims.

Finally, on June 17, 2008, the House Judiciary Committee heard testimony from Reps. Braley and Sestak on the bill they intend to introduce which would resolve the outstanding claims (Acree, human shield, Simon and Seyam) against Iraq. The hearing was convened by the Chairman of the committee, Rep. Conyers. Former POW, Capt. (Ret.) Larry Slade, and counsel for the POWs testified in support of the bill, as did representatives of the human shield group. Administration representatives were requested to participate. The bill provides a formula and payment mechanism to resolve the claims and, if passed, Plaintiffs believe it would likely resolve the claims in this action.

Plaintiffs and the United States agree that in light of the activity in the District Court, the United States Court of Appeals for the District of Columbia, and in Congress, which might have bearing on the substantive issues to be contested in this Court, a further six-month stay of this action is warranted. Therefore, the Parties respectfully request this Court enter a further six-

month stay of these proceedings, after which time the Parties will apprise this Court as to the status of this matter and the relevant District Court matters.

Respectfully submitted,

s/ Stephen A. Fennell
STEPHEN A. FENNELL
STEPTOE & JOHNSON
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-8082
(202) 429-3902 (fax)

JOHN NORTON MOORE
307 Yoakum Parkway
Suite 3-1618
Alexandria, VA 22304
(703) 216-3387
(434) 977-2749 (fax)

Attorneys for Plaintiffs

GREGORY G. KATSAS
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel: (202) 353-0541
Fax: (202) 305-7643

Attorneys for Defendant

July 14, 2008

**CERTIFICATE OF FILING**

I hereby certify that on July 14, 2008, a copy of foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ ___Stephen A. Fennell_________